**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAVEL KUZIN, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-5316 <br><br> Agency No. <br> A249-138-213 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 22, 2026**
San Francisco, California

Before: COLLINS, JOHNSTONE, and DE ALBA, Circuit Judges.

Pavel Kuzin, a native and citizen of Russia, petitions for review of a decision

of the Board of Immigration Appeals (BIA) dismissing his appeal of an

immigration judge's (IJ) (collectively, the "Agency") order denying his

applications for asylum, withholding of removal, and protection under the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Where, as here, the BIA incorporates the IJ's findings and adds its own reasoning, we review both decisions. *See Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). We review the Agency's legal determinations de novo and its factual determinations for substantial evidence. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

1.    The BIA did not err in declining to consider Kuzin's group-based theories of future persecution on the ground that they were not raised before the IJ. Kuzin argues that the BIA's forfeiture determination was erroneous because he implicitly raised alternative theories of feared future persecution based on a "pattern or practice" or "disfavored group" theory.[1] *See* 8 C.F.R. § 1208.13(b)(2)(i), (iii); *Wakkary v. Holder*, 558 F.3d 1049, 1060–63 (9th Cir. 2009). The BIA may, in "its role as an appellate body," decline to consider issues raised for the first time on appeal. *Honcharov v. Barr*, 924 F.3d 1293, 1296–97 (9th Cir. 2019) (per curiam); *see* 8 C.F.R. § 1003.1(d). We have yet to decide "what

---

[1] Although the BIA used the term "waiver," we use the term "forfeiture" throughout for consistency. *See Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 n.1 (2017) ("The terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous. Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right." (citation modified)).

standard of review we should apply to the [BIA's] decision to invoke such default, and what showing a non-citizen must make to the [IJ] to preserve an argument for [BIA] review." *Honcharov*, 924 F.3d at 1297. But we need not resolve these issues here because the BIA correctly found that Kuzin forfeited his group-based theories of future persecution. Although Kuzin was represented by counsel, he did not raise either a pattern-or-practice or disfavored-group theory in his brief, testimony, or closing statement before the IJ. Indeed, Kuzin did not even use the words "pattern or practice" or "disfavored group" at any point before the IJ. And the IJ's conclusion that Kuzin "has not provided sufficient evidence to demonstrate that he would be *individually* targeted for persecution if returned to Russia" shows that the IJ analyzed Kuzin's asylum claim under the individual-targeting theory of future persecution, *see* 8 C.F.R. § 1208.13(b)(2)(i), not a group-based theory.[2]

2. We decline to consider Kuzin's contentions that the IJ's ruling effectively required him to present corroborating evidence without complying with the procedural requirements that he contends are applicable under *Ren v. Holder*, 648 F.3d 1013 (9th Cir. 2011). Kuzin did not raise these issues before the BIA. In his brief before the BIA, he did not argue that the IJ's credibility finding resolved

---

[2] Kuzin fails to meaningfully challenge the BIA's finding that he waived his past persecution claim. He therefore forfeited any procedural challenge to the BIA's decision declining to consider whether he suffered past persecution. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023).

the need for any corroborating evidence, or that the IJ did not follow the proper procedure before requiring such evidence. Because Kuzin failed to raise these issues before the BIA, they are unexhausted. *See* 8 U.S.C. § 1252(d)(1). And because the government has properly raised Kuzin's failure to exhaust these issues, we may not consider them. *Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (explaining that the exhaustion requirement must be enforced if a party properly raises it).

3.      The Agency reasonably evaluated the evidence in concluding that Kuzin had failed to show the well-founded fear of future persecution necessary for his asylum claim.[3] "We have long recognized a presumption that the [A]gency reviewed all relevant evidence submitted to it." *Cruz v. Bondi*, 146 F.4th 730, 739 (9th Cir. 2025). Kuzin does not overcome this presumption because there is no "indication that the Agency did not consider all of the evidence before it," including the sworn declarations from Kuzin's wife and former neighbor and the screenshots of threats directed at his wife on social media. *Antonio v. Garland*, 58 F.4th 1067, 1077 (9th Cir. 2023) (citation modified). Indeed, the IJ explicitly referenced all three pieces of evidence, and the BIA discussed the screenshots and cited Anna's declaration. Kuzin's remaining arguments fault the Agency's

---

[3] Before the BIA, Kuzin did not challenge the IJ's denial of his withholding of removal and CAT claims. We therefore decline to consider those claims because they are unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Santos-Zacaria*, 598 U.S. at 419.

weighing of the record evidence, but these contentions fall short of showing that "any reasonable adjudicator would be compelled" to reach a conclusion contrary to the Agency's. 8 U.S.C. § 1252(b)(4)(B).

**PETITION DENIED.**